[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, GE Capital Mortgage Services, Inc. (hereinafter "the plaintiff") has filed a foreclosure action against the defendants, Marco and Jennifer Rumbin (hereinafter "the defendant"). The plaintiff now moves for summary judgment on the foreclosure action on the ground that there is no genuine issue of material fact and the plaintiff is entitled to judgment as a matter of law. The defendant objects to the motion for summary judgment and argues that there are questions of fact raised by the defendant's special defenses that render summary judgment inappropriate.
For the reasons set forth below, the court grants the plaintiff's motion for summary judgment.
The first of the defendant's special defenses alleges that there was no valid assignment of the mortgage to the plaintiff from the original mortgage holder. In support of the motion for summary judgment, however, the plaintiff has introduced evidence that an assignment of the note and mortgage has taken place. (See Plaintiff's Exhibit E: Assignment of Mortgage). The defendant has not provided any evidence so as to raise questions concerning the assignment of the mortgage to the plaintiff. There is, therefore, no genuine issue of fact in regards to this special defense.
The defendant's remaining special defenses allege that the defendant reached a forbearance agreement with the plaintiff which the plaintiff violated by instituting this foreclosure action. Specifically, the defendant alleges that the plaintiff violated his duty of good faith and fair dealing and that such actions constitute a violation of the Connecticut Unfair Trade Practices Act.
The defendant's remaining special defenses are without merit for two reasons. For one, the forbearance agreement that the plaintiff alleges is not reduced to a written instrument and thus is violative of the statute of frauds. See Source One v.Dziurzynski, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.) (granting motion for summary judgment; alleged oral agreement not to foreclose between mortgagor and mortgagee represented an interest in land and as such was within the Statute of Frauds).
Second, the special defenses alleged by the defendant do not go to the making, validity or enforcement of the note or mortgage. Dime Savings Bank of New York, FSB v. Furey, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.). Several Superior Courts have held that special defenses based on actions of the noteholder during "workout discussions" do not assert any connection with the subject matter of the foreclosure action and do not arise out of the same transaction as the foreclosure action. Thus, special defenses as the ones alleged by the defendant are invalid in that they seek to attack some subsequent act or procedure of the lienholder. See GMAC Mortgage Corp. v.Nieves, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 164925 (January 29, 1999, Tobin, J.); see also Bank of Boston of Connecticut v. Calabrese, Superior Court, judicial district of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J.). Moreover, it has generally been held that "in the absence of a restructure agreement in the loan documents, a failure by the [plaintiff] to attempt to negotiate or restructure the terms of the loan after default, and then seeking foreclosure, does not constitute a breach of the implied covenant of good faith and fair dealing." Citicorp Mortgage, Inc. v.Miller, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326759 (December 17, 1996, West, J.);Great Country Bank v. Kiely, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047460 (October 19, 1995, Curran, J.).
Thus, the defendant's remaining two special defenses are also CT Page 8716 insufficient as a matter of law and, accordingly, do not create any questions of fact that would prohibit the granting of summary judgment at this time.
The plaintiff's motion for summary judgment is granted.
THE COURT
CURRAN, J.